**Julane Ruth MIRKA, Plaintiff–Appellant,**

v.

**LANGLEY, CITY OF, a Washington Municipal Corporation, Defendant–Appellee.**

**No. 00–35040.**
**D.C. No. CV–98–001408–DEW.**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2001 *.

Decided July 30, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Julane Ruth Mirka appeals the district court's grant of summary judgment to the City of Langley in her action claiming that termination of her volunteer position at City Hall violated Title II of the Americans With Disability Act, 42 U.S.C. §§ 12131–12134, and the Rehabilitation Act, 29 U.S.C. § 794. We affirm.

■ (1) Mirka's action under Title II of the ADA fails at the outset because her unique volunteer position at City Hall was not a service, program or activity of the City. *See* 42 U.S.C. § 12132. The services she performed were what we have denominated "input" rather than "output" functions. *See Zimmerman v. Oregon Dep't. of Justice,* 170 F.3d 1169, 1174 (9th Cir. 1999). Mirka's attempt to shift the focus to the "subjected to discrimination" portion of § 12132 also fails because that, too, keys on the services, program or activity requirement. *Id.* at 1175. Nor can Mirka avoid this by broadening the focus to every possible volunteer function performed

within or for the City, or its various departments, and then declaring that volunteer services, in general, are an activity or program.

■ (2) Mirka's claim under the Rehabilitation Act fails for the same basic reason. That is not surprising because in this area the two Acts are essentially congruent. *See Bay Area Addiction Research & Treatment, Inc. v. City of Antioch,* 179 F.3d 725, 730 n. 8 (9th Cir.1999); *Zukle v. Regents of the Univ. of Cal.,* 166 F.3d 1041, 1045 n. 11 (9th Cir.1999). In addition, however, Mirka has failed to show that her volunteer position was supported by federal funds. *See United States Dep't of Transp. v. Paralyzed Veterans of Am.,* 477 U.S. 597, 604–07, 106 S.Ct. 2705, 2710–12, 91 L.Ed.2d 494 (1986).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.